**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6998**

UNITED STATES OF AMERICA,

        Petitioner – Appellee,

        v.

GERALD WAYNE TIMMS,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-hc-02156-BO)

Submitted: March 31, 2017                     Decided: April 10, 2017

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald Wayne Timms, Appellant Pro Se. G. Norman Acker, III, Roberto Francisco Ramirez, Rudolf A. Renfer, Jr., Assistant United States Attorneys, Michael Gordon James, Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Michael Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina; Michael Lockridge, Special Assistant United States Attorney, Butner, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Timms appeals from the district court's order denying his motion for discharge. Timms is currently under a civil commitment order pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (the "Act"), 18 U.S.C. § 4248 (2012). On appeal, Timms asserts that the district court improperly assessed his credibility, erroneously determined that Anti-Social Personality Disorder ("APD") could serve as a predicate illness under the Act, and failed to ensure that treatment was available to aid in his attempts at future release. We affirm.

Timms first argues that the district court improperly found him to be not credible based solely upon his APD. However, we give great deference to the district court on credibility determinations. *See United States v. Moses*, 540 F.3d 263, 268-69 (4th Cir. 2008) ("We owe particular deference to the district court's credibility findings, as the court is in a much better position to evaluate those matters."); *United States v. Locklear*, 829 F.2d 1314, 1317 (4th Cir. 1987) (stating that this court will decline to overturn factual determination founded on witness demeanor and credibility absent compelling evidence to the contrary). The district court's credibility determination was supported by detailed findings of fact, and Timms has offered no compelling evidence that his testimony was credible. Accordingly, there was no error in this regard.

Timms next contends that it was improper to find him sexually dangerous without also finding an underlying sexual mental illness and that a finding of APD was an

2

insufficient predicate to support the district court's finding.[*]  In order to obtain an order of commitment, the Government must prove that (1) Timms engaged or attempted to engage in sexually violent conduct; (2) Timms currently suffers from a serious mental illness, abnormality, or disorder; and (3) as a result of any such condition, Timms would have serious difficulty refraining from sexually violent conduct if he were released from custody. *United States v. Hall*, 664 F.3d 456, 461 (4th Cir. 2012).  Timms does not appear to challenge the district court's findings regarding (1) or (3), but he contends that APD does not satisfy requirement (2).  We find that the evidence supported the conclusion that Timms' APD was a serious mental disorder.  The only relevant expert opinion before the district court explicitly concluded that Timms' APD rose to the required level and rendered him sexually dangerous. *See Young v. Murphy*, 615 F.3d 59, 66-67 (1st Cir. 2010) (holding that APD satisfied the serious mental illness requirement of a state civil commitment statute).  Accordingly, we reject Timms' contention that APD cannot satisfy the predicate mental illness requirement of the Act.

Finally, Timms contends that his denial of a sexual problem essentially bars any sex offender treatment in prison which, in turn, will prevent him from ever being released.  However, the evidence showed that Timms could enroll in the treatment program even without admitting a sexual problem, although continued treatment would

---

[*] We note that the relevant question at the discharge hearing was whether Timms had shown changed circumstances related to his sexual dangerousness.  Thus, Timms' contentions regarding his original diagnosis are likely noncognizable.  However, the Government has not raised this issue on appeal.

be difficult without eventual admissions regarding his problems. Moreover, Timms has repeatedly refused treatment, thus undermining his allegations that he is barred from treatment. In fact, he testified at the discharge hearing that he was not interested in treatment because he did not have a sexual problem. Finally, the district court's determination that Timms was not eligible for discharge did not rely solely on his treatment, or lack thereof, but instead relied primarily upon expert medical diagnosis and analysis, Timms' possession of sexually explicit contraband, and Timms' lack of credibility. Accordingly, Timms' claim is without merit.

Therefore, we affirm the district court's judgment and deny Timms' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4